# EXHIBIT D

**AMERICAN ARBITRATION ASSOCIATION**

**CYTODYN, INC,**

**Claimant,**

**and**

**AMAREX CLINICAL RESEARCH, LLC,**

**Respondent.**

**DEMAND FOR ARBITRATION**

    Mark D. Hopson
    Benjamin M. Mundel
    Lucas Croslow
    SIDLEY AUSTIN LLP
    1501 K Street NW
    Washington, D.C. 20005
    Tel: (202) 736-8000

1

1. **NATURE OF THE CLAIM**

1.1 CytoDyn, Inc. ("CytoDyn") hereby demands arbitration of its dispute with Amarex Clinical Research, LLC ("Amarex") pursuant to the Dispute Resolution clause in the parties' agreements and the Commercial Arbitration Rules of the American Arbitration Association (the "AAA Commercial Rules").

1.2 CytoDyn is a biotech company focused on the clinical development of leronlimab, an investigational drug being studied as a treatment for HIV, cancer, COVID-19, and other serious diseases. In order to obtain FDA approval for leronlimab, CytoDyn has sponsored 22 clinical trials to test the safety and efficacy of leronlimab. CytoDyn engaged Amarex as its contract research organization (CRO) to manage these trials on CytoDyn's behalf. CROs are clinical research specialists with extensive experience conducting clinical trials and complex medical testing and navigating the FDA regulatory process.

1.3 CytoDyn and Amarex formed a Master Services Agreement in 2014 and since that time have formed over 70 Project Work Order agreements pursuant to the Master Services Agreement. Under these agreements, Amarex provided management and consulting services for nearly all of CytoDyn's clinical trials of leronlimab. As of this date, four of those studies remain ongoing.

1.4 CytoDyn has uncovered evidence of significant nonperformance and underperformance by Amarex under the Master Services Agreement and Project Work Orders. CytoDyn has suspended payments to Amarex in order to determine what services have actually been performed to the standard of care required by the parties' agreements. CytoDyn has repeatedly attempted to conduct an audit of Amarex, as the Master Services Agreement entitles CytoDyn to do, but Amarex has refused to comply with the audit. CytoDyn has also repeatedly requested access to the clinical data for CytoDyn's studies, which is in Amarex's control and which Amarex refuses to turn over to CytoDyn. There is no dispute under the Master Services Agreement that CytoDyn, and not Amarex, owns the data.

1.5 Because Amarex refuses to comply with the audit provided in the Master Services Agreement, CytoDyn has undertaken to audit individual clinical trial sites that were managed by Amarex. A third-party auditor has identified significant failures by Amarex at each trial site that has been audited to date, including evidence that Amarex has failed

to perform contractually required monitoring visits and has backdated certain records to make it appear that the required visits were timely performed. CytoDyn has also identified evidence that Amarex has not maintained the clinical data as required by the Master Services Agreement and Project Work Orders, and a third-party consultant has estimated that it will take months to rebuild CytoDyn's clinical data, if it can be done at all.

1.6   CytoDyn brings this arbitration to resolve the parties' payment dispute and to determine the true extent of services performed by Amarex and the amount that Amarex owes to CytoDyn or that CytoDyn owes to Amarex, as the case may be.

**2.    PARTIES TO THE DISPUTE**

2.1   Claimant in this arbitration is CytoDyn Inc, a Delaware corporation, with the following address and contact information:

> CytoDyn Inc.
> 1111 Main Street, Suite 660
> Vancouver, WA 98660
> Tel: (360)-980-8524
> Fax: (360) 980-8549

2.2   Claimant is represented in this arbitration by Sidley Austin LLP, with the following address and contact information:

> Mark D. Hopson
> Benjamin Mundel
> Lucas Croslow
> SIDLEY AUSTIN LLP
> 1501 K Street NW
> Washington, D.C.
> Tel: (202) 736-8000
> mhopson@sidley.com
> bmundel@sidley.com
> lcroslow@sidley.com

2.3   Claimant confirms that all hard copy and electronic communications addressed to Claimant are to be sent to Sidley Austin at the address and email addresses listed above.

2.4   Respondent in this arbitration is Amarex Clinical Research, LLC, a Maryland limited liability company, with the following address and contact information:

Amarex Clinical Research, LLC
2021 Century Boulevard
Germantown, MD 20874
Tel: (301) 528-7000
Fax: (301) 528-7000

**3.    THE AGREEMENTS**

3.1    The Amarex Agreements are comprised of various agreements between Claimant and Respondent.

3.2    CytoDyn and Amarex formed a Master Services Agreement in May 2014. **Exhibit A.** The MSA set up a framework for Amarex to run clinical studies that CytoDyn would sponsor and Amarex would agree to conduct. The work on individual studies would be documented in specific Project Work Orders.

3.3    The parties have each signed more than 70 Project Work Orders obligating Amarex to conduct clinical trial management on 20 CytoDyn-sponsored studies. Each Project Work Order is fully executed and expressly incorporates the MSA. Under these Work Orders, Amarex had complete responsibility for the clinical trials.

3.4    Each base Project Work Order was also accompanied by a monitoring plan defining Amarex's obligations to monitor the clinical trials.

3.5    Over the course of the Amarex Agreements, CytoDyn has paid Amarex more than $80 million dollars.

**4.    GOVERNING LAW AND AGREEMENT TO ARBITRATE**

4.1    The Master Services Agreement and each Project Work Order is governed by Maryland law.

4.2    The Master Services Agreement includes a clause outlining certain Dispute Resolution Procedures that apply in the event of any disputes among the parties. The Master Services Agreement's Dispute Resolution Procedures are incorporated into each Project Work Order, and provide:

> **15.4    Dispute Resolution**. The parties will make a reasonable effort to resolve any claims which they may have against each other by good faith negotiation. A party's failure to make such

> an effort, however, will not be a prerequisite to its right to arbitrate. All claims arising under or relating to this Agreement, including any claims created by statutory law, will be decided by final and binding arbitration. The arbitration will be held in Baltimore, Maryland, and will be conducted according to the applicable rules of Commercial Arbitration Rules of the American Arbitration Association, using a panel of one arbitrator who will be selected in accordance with such rules. This provision will provide the exclusive means for dispute resolution, provided, however, that neither party will be prohibited from proceeding in a court to seek injunctive relief or other equitable remedies pending arbitration. The parties will share equally in the costs of any arbitration, but a prevailing party will be entitled to receive, as a part of the award, its reasonable arbitrator and attorney fees incurred in connection with the arbitration as provided in Section 15.5. Judgment on an arbitration award may be entered by any court having jurisdiction.

4.3   The arbitration is to be held in Baltimore, Maryland.

4.4   In the Master Services Agreement, the parties agreed to make a reasonable effort to resolve any claims which they may have against each other by good faith negotiation. Claimant's attempts to resolve this dispute amicably, however, have been met with threats to withhold Claimant's propriety data—in violation of the Master Services Agreement—and to suspend all monitoring of CytoDyn's clinical trial—placing patient's safety at risk.

## 5.   FORMATION OF THE TRIBUNAL

5.1   Pursuant to the Master Services Agreement, a panel of one arbitrator should be appointed according to the AAA Commercial Rules.

## 6.   BREACH OF CONTRACT CLAIMS

6.1   The Master Services Agreement, as supplemented by each Project Work Order and Monitoring Plan, are valid contracts between Claimant and Respondent.

6.2   Claimant has complied with all of its obligations under the Amarex Agreements excepting the withholding of payment for services for which Respondents have invoiced Claimant, but which Claimant does not believe were actually performed.

6.3   Respondent's conduct breached the Master Services Agreement, Project Orders, and Monitoring Plans.

**7.    RELIEF SOUGHT**

7.1   Claimant is entitled to recover for the material injuries they have suffered, and continue to suffer, as a result of Respondent's breach of the Amarex Agreements.

7.2   Claimant seeks a determination that Respondent has breached its contractual obligations under the Master Services Agreement, Project Work Orders, and Monitoring Plans.

7.3   Claimant seeks an award of damages caused by Respondent's breach of the Amarex Agreements, in any amount that will be proven during the arbitral hearing.

7.4   Claimant seeks an award of all costs, attorneys fees, and expenses in connection with this arbitration, including the fees of arbitrator.

Dated: October 4, 2021

                        Respectfully submitted,

                        By: /s/ Mark D. Hopson

                        Mark D. Hopson
                        Benjamin M. Mundel
                        Lucas W.E. Croslow
                        SIDLEY AUSTIN LLP
                        1501 K St., NW
                        Washington, DC 20005
                        Tel: (202) 736-8000
                        Fax: (202) 736-8711
                        mhopson@sidley.com