**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | |
|---|---|
| CYTODYN, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No.: 8:21-cv-02533-PJM |
| | ) |
| AMAREX CLINICAL RESEARCH, LLC, *et al*., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MEMORANDUM OF**
**LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants Amarex Clinical Research, LLC ("Amarex") and NSF International ("NSF"), by their attorneys, Rachel T. McGuckian, Miles & Stockbridge P.C., Jonathan R. Steiger, Patrick M. McCarthy and Howard & Howard Attorneys PLLC, hereby submit this Memorandum of Law in Support of their Motion to Dismiss, and state as follows:

## I.  INTRODUCTION

Although CytoDyn filed the pending action against both NSF and Amarex, the only allegations against NSF are that "NSF International Inc. is a Michigan corporation with its principal place of business in Ann Arbor, Michigan. NSF International owns and controls Amarex. A Global Vice President for NSF has taken over discussion regarding the CytoDyn clinical trials being run by Amarex." Compl. at ¶ 4. The Complaint is devoid of any allegation that supports personal jurisdiction over NSF in this Court.  Moreover, CytoDyn nowhere alleges that NSF did anything improper or actionable, or that NSF or Amarex were using the corporate form improperly. The Court should therefore dismiss NSF from the action for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted. The Court should also dismiss the

Complaint as it relates to Amarex for the reasons stated in Amarex's response to CytoDyn's motion for a preliminary injunction, and because CytoDyn's requested non-injunctive relief is barred by the arbitration clause in the parties' Master Service Agreement.  These reasons are discussed in more detail below.

## II.      LEGAL STANDARDS

### A.      Personal Jurisdiction – Fed. R. Civ. P. 12(b)(2)

The Court must dismiss the case if it "lack[s] personal jurisdiction." Fed. R. Civ. P. 12(b)(2). "When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Artis v. Receivables Performance Management, LLC*, No. PJM 18-2575, 2020 WL 798810, *2 (D. Md. Feb. 27, 2020) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). "For 'a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Id.* (quoting *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003)).

### B.      Failure to State a Claim – Fed. R. Civ. P. 12(b)(6)

Moreover, the Court is required to dismiss a case that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 455, 570 (2007)). "This standard requires 'more than a sheer possibility that a defendant has

acted unlawfully.'" *Prince George's Cnty. v. Wells Fargo & Co.*, 520 F. Supp. 3d 747, 752 (D. Md. 2021) (Messitte, J.) (quoting *Iqbal*, 556 U.S. at 678). "Although a court will accept factual allegations as true, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

    **C.**    **Improper Venue – Fed. R. Civ. P. 12(b)(3)**

A motion to dismiss based on an arbitration provision is properly brought as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). *See, e.g.*, *Brito v. Major Energy Elec. Servs., LLC*, 526 F. Supp. 3d 95, 108 (D. Md. 2021). The plaintiff bears the burden of demonstrating that venue is appropriate. *Id.* at 109.

**III.**    **ARGUMENT**

This case should be dismissed for three reasons.

First, the Court lacks personal jurisdiction over NSF. NSF is a Michigan corporation with its principal place of business in Ann Arbor, Michigan. *See* ECF No. 1 at ¶ 4. The Court lacks general jurisdiction over NSF and the Complaint fails to allege any allegations against NSF that subject NSF to specific jurisdiction in this State.

Second, CytoDyn fails to state a plausible claim for relief against NSF. The Complaint is devoid of any allegations that, if accepted as true, establish liability against NSF.

Third, CytoDyn's substantive claims against Amarex must be decided by the arbitrator and not the Court. Because the claims are subject to an arbitration provision, CytoDyn's requested relief against Amarex in this case must be dismissed.

    **A.**    **The Court Cannot Exercise Personal Jurisdiction Over NSF**

This Court has recently explained the limitations for exercising personal jurisdiction over a nonresident defendant:

> Maryland's long-arm statute allows a district court to exercise personal jurisdiction over a nonresident defendant if it finds that the defendant inter alia: (1) transacts any business or performs any character of work or service in Maryland; (2) contracts to supply goods, food, services, or manufactured products in Maryland; (3) causes tortious injury in Maryland by an act or omission in Maryland; (4) causes tortious injury in Maryland or outside Maryland by an act or omission outside Maryland if it regularly does or solicits business, engages in any other persistent course of conduct in Maryland, or derives substantial revenue from goods, food, services, or manufactured products used or consumed in Maryland.

*Artis*, 2020 WL 978810, at *2 (quoting Md. Code Ann., Cts. & Jud. Proc. § 6-1013(b)). If jurisdiction over a nonresident defendant can be exercised under Maryland's long arm statute, the Court must nevertheless determine if the exercise of jurisdiction is reasonable and complies with the Fourteenth Amendment. *Id.* "Under the Fourteenth Amendment, the nonresident defendant must 'have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at *3 (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)). Maryland courts, however, "'have consistently held that the state's long-arm statute is coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution.'" *Id.* (quoting *Carefirst of Maryland, Inc.*, 334 F.3d at 396–97). As a result, "the 'statutory inquiry merges with [the] constitutional inquiry." *Id.* (quoting *Carefirst of Maryland, Inc.*, 334 F.3d at 396–97). Thus "'the two inquires become one' and the question is whether the defendant's 'activities in Maryland constituted sufficient minimum contacts with Maryland such that maintenance of a suit against [defendant] in Maryland comports with the demands of due process." *Id.* (quoting *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 136 (4th Cir. 1996)).

Alternatively, a court may exercise jurisdiction over "issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A.*

*v. Brown*, 564 U.S. 915, 919 (2011).  This basis for exercising jurisdiction is known as 'specific' personal jurisdiction."

### 1.     The Court cannot exercise general jurisdiction over NSF

The Supreme Court has held that a corporation is not subject to general personal jurisdiction unless its contacts with a specific forum are so pervasive as to render it virtually "at home" in that state.  *See Goodyear Dunlop Tires Operations S.A. v. Brown*, 564 U.S. 915 (2011).  Under Goodyear, the Court must determine if a corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State."  *Id.* at 919.  A corporation's place of incorporation and principal place of business are generally the places where the corporation is "at home" and are considered the "paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  It is only the *exceptional* case where a corporation will be deemed "at home" anywhere other than its principal place of business or place of incorporation. *Id.* at 139 n. 19.  This is because any other rule for "all-purpose jurisdiction would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Id.* at 139 (citation omitted).  *See also Rivera v. Altec, Inc.*, No. ELH-21-0681, 2021 WL 2784265, at *9 (D. Md. July 2, 2021) (recognizing that, under Supreme Court precedent, "a corporation is 'at home' only in its 'place of incorporation and its principal place of business,' unless there is an 'exceptional case' that 'render[s] the corporation at home' elsewhere.") (citation omitted).

As the Complaint recognizes, NSF is a Michigan corporation with its principal place of business in Ann Arbor, Michigan. *See* ECF No. 1 at ¶ 4.  Michigan, not Maryland, is where NSF is "at home" for general personal jurisdiction purposes.  CytoDyn has not alleged, nor does there exist, any "exceptional" circumstances that would justify the exercise of general personal

jurisdiction over NSF in Maryland. NSF has not relocated its business operations to Maryland such that Maryland constitutes the "center" of NSF's business activities. *See, e.g.*, *Rivera*, 2021 WL 2784265, at \*9 (recognizing the "exceptional" circumstances in *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437 (1952), where the defendant corporation temporarily relocated the enterprise from the Philippines to Ohio due to wartime activities). This Court, therefore, cannot exercise general jurisdiction over NSF.

### 2.    The Court cannot exercise specific jurisdiction over NSF

NSF is not subject to specific jurisdiction in this Court, either. To determine whether "specific jurisdiction exists [the Court must consider]: (1) the extent to which defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of jurisdiction would be constitutionally reasonable.'" *Id.* (quoting *ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002).

In this case, all three factors clearly weigh against finding that personal jurisdiction exists. First, NSF does not: (a) have an office in Maryland, (b) own any property in Maryland, or (c) have any contractual relationship with CytoDyn, let alone a contract relating to the State of Maryland or Maryland law. *See* **Exhibit 1**, Timmer Declaration, at ¶¶ 5–8. *See also Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (explaining that a defendant does not purposefully avail itself to the forum state where it does not own property in the state, does not participate in any significant business activities in the state, and does not have a contractual relationship with the plaintiff relating to the forum state).

Second, the complaint falsely and wrongly claims that "NSF International owns and controls Amarex" and that "[a] Global Vice President for NSF has taken over discussion regarding

the CytoDyn clinical trials being run by Amarex." *See* Exhibit 1, Timmer Declaration, at ¶¶ 9–11 (making clear that NSF does not own any portion of Amarex and that neither NSF nor any of its representatives have taken over discussion regarding the clinical trials).  Even if NSF exercised some level of control over Amarax, which it has not, this is not grounds for establishing personal jurisdiction over NSF. *See Synergics Energy Serv.'s, LLC v. Algonquin Power Fund (Am.) Inc.*, No. ELH-13-2257, 2014 WL 2812230, at *15 (D. Md. June 20, 2014) (noting that the "Fourth Circuit stated that a non-forum parent entity is not construed as doing business within a state merely because of its ownership of all of the shares of stock of another corporation doing business in the state.") (citations omitted). Because NSF has not directed any activities in the State of Maryland, CytoDyn's claims do not "arise out of" NSF's activities in Maryland. *See also Artis*, 2020 978810, at *4 ("The second element for determining specific jurisdiction, whether the plaintiffs' claims arise out of those activities directed at the State, requires that the defendant's contacts with the forum state be the basis of the suit.") (citations omitted).  Simply put, NSF has not directed any actions at the forum state that give rise to CytoDyn's claims.

The Court need not examine the third element (whether exercising jurisdiction over NSF would be reasonable) because that element "only comes into play if the first [two] elements have been met." *Id.* at 4.  Because the first two elements clearly are not met, the court need not examine the third factor.  In any event, the exercise of jurisdiction over NSF would be unreasonable where NSF has no connection to the forum state that relates in any manner to CytoDyn or the allegations set forth in the complaint.  The exercise of specific jurisdiction over NSF in this case, therefore, offends traditional notions of fair play and substantial justice.  NSF cannot be subjected to personal jurisdiction in this Court where it lacks the minimum contacts with the forum sufficient to subject it to jurisdiction here.

In all NSF is not "at home" in the State of Maryland and does not have the minimum contacts that justify exercising personal jurisdiction over NSF in the State. Most importantly, NSF did not conduct any business with CytoDyn, let alone conduct business with CytoDyn within the State of Maryland. The Court should therefore dismiss NSF pursuant to Rule 12(b)(2) because it lacks personal jurisdiction over NSF.

### B.      CytoDyn Fails to Allege a Plausible Claim for Relief Against NSF

The Complaint is also devoid of any allegations that, accepted as true, establish a plausible claim against NSF. NSF has nothing to do with the agreement at issue between CytoDyn and Amarex. Not only would a preliminary injunction against NSF be wholly improper, but the claims against NSF are also not plausible and must be dismissed altogether. CytoDyn only mentioned NSF in one paragraph, which simply alleges that NSF is a Michigan corporation, owns Amarex, and that "[a] Global Vice President for NSF has taken over discussions regarding the CytoDyn clinical trials being run by Amarex." Compl., at ¶ 2.[1]

CytoDyn does not allege that NSF is party to the contract or any work orders at issue. The breach of contract claims must therefore fail because "[a]s a general rule, 'a contract cannot be enforced by or against a person who is not a party to it.'" *Cecilia Schwaber Trust Two v. Hartford Accident & Indem., Co.* 437 F. Supp. 2d 485, 489 (D. Md. 2006) (quoting *Crane Ice Cream Co. v. Terminal Freezing & Heating Co.*, 147 Md. 588, 128 A, 280, 281 (Md. 1925)). The conversion claim against NSF must also fail because CytoDyn does not allege that NSF is depriving it of property, and "[a] claim for conversion requires [plaintiff] to show that defendants wrongfully deprived [it] of possession of property to which [it] is entitled to, and that they intended to exercise

---

[1] As explained in the Julie Timmer Declaration, these allegations about NSF's role in the CytoDyn clinical trials and ownership of Amarex are false. However, even accepting them as true for purposes of this Motion to Dismiss, NSF must be dismissed from the case.

dominion and control over the property." *Doe v. Maryland*, No. 20-2213, 2021 WL 3666460, at *9 (D. Md. Aug. 18, 2021).  Finally, the Court should dismiss the trespass to chattels claim as to NSF because under Maryland law, "[t]respass to chattels and conversion involve the same conduct exercising control over another's property." *Gallardo v. Fedex Kinko's Office & Print Servs, Inc*, No. 08-cv-00392, 2018 BL 117057, 2018 WL 2143011, at *3 (D. Md. May 12, 2008).  Because CytoDyn never alleged NSF exercised control over its property, it cannot succeed on its trespass to chattels claim. CytoDyn therefore cannot succeed on any of its claims against NSF, and the Court should dismiss NSF from the present action.  Simply put, the Complaint is devoid of any allegations against NSF that, if accepted as true, would establish liability against NSF on any of the claims.  NSF must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

CytoDyn cannot avoid dismissal by arguing that NSF should be held liable in place of a separate entity, Amarex.  "Although the corporate forum ordinarily prohibits one entity from being liable for the acts of a separate, though related, entity, courts will pierce the corporate veil in 'extraordinary circumstances' such as when the corporate form is being used for wrongful purposes." *Flame S.A. v. Freight Bulk Pte. Ltd.*, 807 F.3d 572, 587 (4th Cir. 2015) (quoting *Vitol, S.A. v. Primerose Shipping Co. Ltd.*, 708 F.3d 527, 543–44 (4th Cir. 2013)).  Here, the only allegation related to NSF in the entire complaint is that NSF "owns and controls Amarex" and that "[a] Global Vice President for NSF has taken over discussions regarding the CytoDyn clinical trials being run by Amarex." Compl. at ¶ 4.  Assuming these allegations as true (even though, as explained, they are false), there are no allegations that NSF or Amarex used the corporate form for a wrongful purpose, or that any other "extraordinary circumstances" exist to pierce the corporate veil between NSF and Amarex.  Moreover, a single allegation that NSF "owns and controls Amarex" is an empty conclusion without a factual supporting allegation that cannot be considered

on a motion to dismiss.  Because CytoDyn has not factually alleged anything that, if accepted as true would allow this Court to pierce the corporate veil, and because the allegations in the complaint relate to Amarex only, the Court should dismiss NSF from this action.

      **C.**    **CytoDyn's Claims Against Amarex Are Subject to Arbitration and Fail to State a Plausible Claim for Relief**

CytoDyn asks the Court for a preliminary and permanent injunction against Amarex, and to order Amarex to submit to an audit within 48 hours of the Court's decision. Compl, at p. 21. The Court should dismiss these requests for relief for the reasons stated in Amarex's response to CytoDyn's motion for a preliminary injunction.

The Court should also dismiss CytoDyn's request to determine that Amarex's acts violated the MSA, award attorney's fees, costs, and other expenses, and grant other relief as the Court deems proper because these requests are barred by the arbitration clause in the MSA.  The MSA only permits the parties to proceed "in a court to seek injunctive relief or other equitable remedies pending arbitration." (Exhibit 1, MSA, § 15.4).  CytoDyn's requests regarding Amarex's actions for violating the MSA, awarding costs and fees, and granting other relief that the Court deems proper are not requests for injunctive or equitable relief. Rather they are issues that should be dealt with before the arbitrator.  Because the MSA contains a binding arbitration agreement, the Court should dismiss CytoDyn's remaining requests for relief.  *See* Fed. R. Civ. P. 12(b)(3).  It is CytoDyn's burden to establish that the claims are not properly subject to arbitration.  *Brito*, 526 F. Supp. 3d at 109.  CytoDyn cannot meet this burden.

Finally, for the reasons stated in Amarex's response to CytoDyn's motion for preliminary injunction, CytoDyn cannot succeed as a matter of law on any of its claims. For the reasons stated in Amarex's response, the Court should dismiss Counts I-IV against Amarex.

## IV.    CONCLUSION

For the reasons set forth above, the claims against NSF should be dismissed for lack of personal jurisdiction and for failure to state a claim.   The claims against Amarex should be dismissed because they are subject to arbitration and the complaint fails to state a plausible claim for relief against Amarex.

Respectfully submitted,

*/s/ Rachel T. McGuckian*
Rachel T. McGuckian, #22452
MILES & STOCKBRIDGE P.C.
11 North Washington Street, Suite 700
Rockville, MD 20850
Phone: 301-762-1600
Email:  rmcguckian@milesstockbridge.com

Jon R. Steiger (*pro hac vice*)
Patrick M. McCarthy (*pro hac vice*)
Howard & Howard
450 W 4th Street
Royal Oak, Michigan  48067
Phone: 248-723-0332
Email: pmm@h2law.com
Email: js@h2law.com

*Attorneys for Defendants*
*Amarex Clinical Research LLC*
*and NSF Interntional*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of October, 2021, the foregoing was filed via

the Court's CM/ECF system and served upon the following parties via the CM/ECF system:

Mark D. Hopson (mhopson@sidley.com)
Benjamin M. Mundel (bmundel@sidley.com)
Lucas Croslow (lcroslow@sidley.com)
Jacquelyn E. Fradette (jfradette@sidley.com)
Sidley Austin, LLP
1501 K Street, N.W.
Washington, D.C.  20005

*/s/ Rachel T. McGuckian*

# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| CYTODYN, INC, | : | |
| | : | |
| Plaintiff, | ; | Civil Action No. 21-2533-PJM |
| v. | : | |
| | : | |
| AMAREX CLINICAL RESEARCH, LLC, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

<u>**DECLARATION OF JULIE TIMMER**</u>

1.   Pursuant to 28 U.S.C. § 1746, I, Julie Timmer, make the following statements based on personal knowledge.

2.   I am over eighteen years of age, have personal knowledge of the facts set forth herein, and am competent to testify to the same.

3.   I am the Vice President and Chief Legal Officer of NSF International.

4.   In my position as Vice President and Chief Legal Officer of NSF International I have extensive knowledge of where NSF conducts business.

5.   NSF International does not own any property within the State of Maryland.

6.   NSF International does not have an office in Maryland.

7.   NSF International does not have any contractual relationship with CytoDyn.

8.   Because NSF International does not have any contractual relationship with CytoDyn, it necessarily does not have any contractual relationship with CytoDyn relating to Maryland or Maryland law.

9.   NSF International is not the entity that owns Amarex or any portion of it.

10.     Neither NSF International nor any of its representatives have taken over discussions

with CytoDyn regarding clinical trials being run by Amarex.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on: October 26, 2021          _____

                                        Julie Timmer

2

4866-8304-4352, v. 3