**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**

| | |
|---|---|
| CYTODYN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 8:21-cv-2533-PJM |
| v. ) | |
| ) | |
| AMAREX CLINICAL RESEARCH, LLC, *et* ) | |
| *al*., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM OF**
**LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S**
**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants Amarex Clinical Research, LLC ("Amarex") and NSF International ("NSF"), by their attorneys, Rachel T. McGuckian, Miles & Stockbridge P.C., Jon R. Steiger, Patrick M. McCarthy and Howard & Howard Attorneys PLLC, hereby submit this Memorandum of Law in Support of their Motion to Dismiss CytoDyn's Amended Complaint for declaratory and injunctive relief, and state as follows:

## I.      INTRODUCTION

Rather than respond to Defendants' motion to dismiss, CytoDyn filed an Amended Complaint that merely adds generic allegations about NSF and the relationship between NSF and Amarex.  However, the newly added allegations still fall far short of establishing either jurisdiction or a plausible claim against NSF.  CytoDyn nowhere alleges that NSF itself did anything improper or actionable, or that NSF or Amarex were using the corporate form improperly.  NSF should be dismissed for lack of personal jurisdiction and for failure to state a claim upon which relief can be

granted.  The Court should also dismiss the Amended Complaint as to Amarex for the reasons stated in Amarex's response to CytoDyn's motion for a preliminary injunction, and because CytoDyn's requested non-injunctive relief is barred by the arbitration clause in the parties' Master Service Agreement.

## II.     LEGAL STANDARDS

### A.     Personal Jurisdiction – Fed. R. Civ. P. 12(b)(2)

The Court must dismiss the case if it "lack[s] personal jurisdiction." Fed. R. Civ. P. 12(b)(2).  "When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Artis v. Receivables Performance Management, LLC*, No. PJM 18-2575, 2020 WL 798810, *2 (D. Md. Feb. 27, 2020) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).  "For 'a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment."  *Id.*  (quoting *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003)).

### B.     Failure to State a Claim – Fed. R. Civ. P. 12(b)(6)

The Court is required to dismiss a case that fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 455, 570 (2007)).  "This standard requires 'more than a sheer possibility that a defendant has acted

unlawfully.'"  *Prince George's Cnty. v. Wells Fargo & Co.*, 520 F. Supp. 3d 747, 752 (D. Md. 2021) (Messitte, J.) (quoting *Iqbal*, 556 U.S. at 678).   "Although a court will accept factual allegations as true, '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  *Id.*  (quoting *Iqbal*, 556 U.S. at 678).

### C.      Improper Venue – Fed. R. Civ. P. 12(b)(3)

A motion to dismiss based on an arbitration provision is properly brought as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3).  *See, e.g.*, *Brito v. Major Energy Elec. Servs., LLC*, 526 F. Supp. 3d 95, 108 (D. Md. 2021).  The plaintiff bears the burden of demonstrating that venue is appropriate.  *Id.* at 109.

### III.      ARGUMENT

This case should be dismissed for three reasons.

First, the Court lacks personal jurisdiction over NSF.  NSF is a Michigan corporation with its principal place of business in Ann Arbor, Michigan, and has no offices, property or operations in Maryland.  *See* Amended Compl. at p. 2.  The Court lacks general jurisdiction over NSF and the Amended Complaint fails to allege any allegations against NSF that subject NSF to specific jurisdiction in this State.

Second, CytoDyn fails to state a plausible claim for relief against NSF.  The Amended Complaint is devoid of any allegations that, if accepted as true, establish liability against NSF.

Third, CytoDyn's substantive claims against Amarex must be decided by the arbitrator and not the Court.  Because the claims are subject to an arbitration provision, CytoDyn's requested relief against Amarex in this case must be dismissed.

### A.      The Court Cannot Exercise Personal Jurisdiction Over NSF

This Court has recently explained the limitations for exercising personal jurisdiction over a nonresident defendant:

> Maryland's long-arm statute allows a district court to exercise personal jurisdiction over a nonresident defendant if it finds that the defendant inter alia: (1) transacts any business or performs any character of work or service in Maryland; (2) contracts to supply goods, food, services, or manufactured products in Maryland, (3) causes tortious injury in Maryland by an act or omission in Maryland; (4) causes tortious injury in Maryland or outside Maryland by an act or omission outside Maryland if it regularly does or solicits business, engages in any other persistent course of conduct in Maryland, or derives substantial revenue from goods, food, services, or manufactured products used or consumed in Maryland.

*Artis*, 2020 WL 978810, at *2 (quoting Md. Code Ann., Cts. & Jud. Proc. § 6-1013(b)).   If jurisdiction over a nonresident defendant can be exercised under Maryland's long arm statute, the Court must nevertheless determine if the exercise of jurisdiction is reasonable and complies with the Fourteenth Amendment.  *Id.*  "Under the Fourteenth Amendment, the nonresident defendant must 'have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at *3 (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)).  Maryland courts, however, "'have consistently held that the state's long-arm statute is coextensive with the limits of personal jurisdiction set by the due process clause of the Constitution.'"  *Id.*  (quoting *Carefirst of Maryland, Inc.*, 334 F.3d at 396–97).  As a result, "the 'statutory inquiry merges with [the] constitutional inquiry."  *Id.*  (quoting *Carefirst of Maryland, Inc.*, 334 F.3d at 396–97).  Thus "'the two inquires become one' and the question is whether the defendant's 'activities in Maryland constituted sufficient minimum contacts with Maryland such that maintenance of a suit against [defendant] in Maryland comports with the demands of due process."  *Id.*  (quoting *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 136 (4th Cir. 1996)).

4

Alternatively, a court may exercise jurisdiction over "issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). This basis for exercising jurisdiction is known as 'specific personal jurisdiction."

### 1.    The Court cannot exercise general jurisdiction over NSF

The Supreme Court has held that a corporation is not subject to general personal jurisdiction unless its contacts with a specific forum are so pervasive as to render it virtually "at home" in that state. *See Goodyear* 564 U.S. 915. Under *Goodyear*, the Court must determine if a corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* at 919. A corporation's place of incorporation and principal place of business are generally the places where the corporation is "at home" and are considered the "paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). It is only the *exceptional* case where a corporation will be deemed "at home" anywhere other than its principal place of business or place of incorporation. *Id.* at 139 n. 19. This is because any other rule for "all-purpose jurisdiction would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Id.* at 139 (citation omitted). *See also Rivera v. Altec, Inc.*, No. ELH-21-0681, 2021 WL 2784265, at *9 (D. Md. July 2, 2021) (recognizing that, under Supreme Court precedent, "a corporation is 'at home' only in its 'place of incorporation and its principal place of business,' unless there is an 'exceptional case' that 'render[s] the corporation at home' elsewhere.") (citation omitted).

As the Amended Complaint recognizes, NSF is a Michigan corporation with its principal place of business in Ann Arbor, Michigan. *See* Amended Compl. at p. 2. Michigan, not Maryland,

is where NSF is "at home" for general personal jurisdiction purposes.  CytoDyn has not alleged, nor do there exist, any "exceptional" circumstances that would justify the exercise of general personal jurisdiction over NSF in Maryland.  NSF has not relocated its business operations to Maryland such that Maryland constitutes the "center" of NSF's business activities.  *See, e.g.*, *Rivera*, 2021 WL 2784265, at \*9 (recognizing the "exceptional" circumstances in *Perkins v. Benguet Consol. Min. Co.*, 342 U.S. 437 (1952), where the defendant corporation temporarily relocated the enterprise from the Philippines to Ohio due to wartime activities).  This Court, therefore, cannot exercise general jurisdiction over NSF.

### 2.     The Court cannot exercise specific jurisdiction over NSF

NSF is not subject to specific jurisdiction in this Court, either.  To determine whether "specific jurisdiction exists [the Court must consider]: (1) the extent to which defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of jurisdiction would be constitutionally reasonable.'" *Id.*  (quoting *ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002).

In this case, all three factors clearly weigh against finding that personal jurisdiction exists. First, NSF does not: (a) have an office in Maryland, (b) own any property in Maryland, or (c) have any contractual relationship with CytoDyn, let alone a contract relating to the State of Maryland or Maryland law.  (*See* **Exhibit 1**, Timmer Declaration, at ¶¶ 5–8).  *See also Consulting Engineers Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (explaining that a defendant does not purposefully avail itself to the forum state where it does not own property in the state, does not participate in any significant business activities in the state, and does not have a contractual relationship with the plaintiff relating to the forum state).

Second, the complaint falsely claims that "NSF International owns and controls Amarex." (Exhibit 1, Timmer Declaration, at ¶¶ 9–10 (Making clear that NSF does not own any portion of Amarex and that neither NSF nor any of its representatives have taken over discussions regarding the clinical trials.)).  Even if NSF exercised some level of control over Amarex, which it has not, this is not grounds for establishing personal jurisdiction over NSF.  *See Synergics Energy Serv.'s, LLC v. Algonquin Power Fund (Am.) Inc.*, No. ELH-13-2257, 2014 WL 2812230, at \*15 (D. Md. June 20, 2014) (noting that the "Fourth Circuit stated that a non-forum parent entity is not construed as doing business within a state merely because of its ownership of all of the shares of stock of another corporation doing business in the state.") (citations omitted).  Because NSF has not directed any activities in the State of Maryland, CytoDyn's claims do not "arise out of" NSF's activities in Maryland.  *See also Artis*, 2020 978810, at \*4 ("The second element for determining specific jurisdiction, whether the plaintiffs' claims arise out of those activities directed at the State, requires that the defendant's contacts with the forum state be the basis of the suit.") (citations omitted).

Nor do the allegations that Martin Lush or anyone else at NSF (let alone a representative of NSF International) served as a representative of Amarex for purposes of engaging in settlement negotiations, make NSF subject to personal jurisdiction.  There is no allegation that engaging in settlement negotiations constitutes an actionable claim or that this somehow trumps the well-established jurisdiction jurisprudence.  Whether it was someone from NSF International, or someone from Howard & Howard as counsel for Amarex that engaged in attempts to settle this matter pre-litigation—none of that changes the personal jurisdiction analysis as to NSF International.

7

The Court need not examine the third element (whether exercising jurisdiction over NSF would be reasonable) because that element "only comes into play if the first [two] elements have been met." *Id.* at 4.  Not only are the first two elements not met, but in any event, the exercise of jurisdiction over NSF would be unreasonable where NSF has no connection to the forum state that relates in any manner to CytoDyn or the allegations in the complaint.  The exercise of specific jurisdiction over NSF therefore offends traditional notions of fair play and substantial justice.  NSF cannot be subjected to personal jurisdiction where it lacks the necessary minimum contacts with the forum.[1]

### B.     CytoDyn Fails to Allege a Plausible Claim for Relief Against NSF

The Amended Complaint is also without any allegations that, accepted as true, establish a plausible claim against NSF.  And nowhere (even in the "Relief Requested" section on page 24) does the Amended Complaint request any form of relief from or against NSF.   CytoDyn does not (and cannot) allege that NSF is party to the contract or any work orders at issue.  The breach of contract claims must therefore fail because "[a]s a general rule, 'a contract cannot be enforced by or against a person who is not a party to it.'" *Cecilia Schwaber Trust Two v. Hartford Accident & Indem., Co.* 437 F. Supp. 2d 485, 489 (D. Md. 2006) (quoting *Crane Ice Cream Co. v. Terminal Freezing & Heating Co.*, 128 A. 280, 281 (Md. 1925)).  The conversion claim against NSF must also fail because CytoDyn does not allege that NSF is depriving it of property, and "[a] claim for conversion requires [plaintiff] to show that defendants wrongfully deprived [it] of possession of

---

[1] While CytoDyn makes generic arguments about the relationship between NSF and Amarex, it fails to allege that the corporate veil between the two entities should be pierced. And in any event, piercing the corporate veil for jurisdictional purposes in this case is not warranted under Maryland law. *See Haley Pain Co. v. E.I. DuPont De Nemours & Co.*, 775 F. Supp. 2d 790, 797 (D. Md. 2011) (Noting "that Maryland generally is more restrictive than other jurisdictions in allowing a plaintiff to pierce the corporate veil.").

property to which [it] is entitled to, and that they intended to exercise dominion and control over the property." *Doe v. Maryland*, No. 20-2213, 2021 WL 3666460, at *9 (D. Md. Aug. 18, 2021). Finally, the Court should dismiss the trespass to chattels claim as to NSF because under Maryland law, "[t]respass to chattels and conversion involve the same conduct exercising control over another's property." *Gallardo v. Fedex Kinko's Office & Print Servs, Inc*, No. 08-cv-00392, 2018 BL 117057, 2018 WL 2143011, at *3 (D. Md. May 12, 2008).  Because CytoDyn never alleged (and cannot allege) NSF exercised control over its property, it cannot succeed on its trespass to chattels claim.  Not only does the Amended Complaint fail to request any relief from or against NSF, but it is also without allegations against NSF that, if accepted as true, would establish liability against NSF on any of the claims.

### C. CytoDyn's Claims Against Amarex Are Subject to Arbitration and Fail to State a Plausible Claim for Relief

CytoDyn asks the Court for a preliminary and permanent injunction against Amarex, and to order Amarex to submit to an audit within 48 hours of the Court's decision.  Amended Compl., at p. 24.  The Court should dismiss these requests for relief for the reasons stated in Amarex's response to CytoDyn's motion for a preliminary injunction.

The Court should also dismiss CytoDyn's request to determine that Amarex's acts violated the MSA, award attorney's fees, costs, and other expenses, and grant other relief as the Court deems proper because these requests are barred by the arbitration clause in the MSA.  The MSA only permits the parties to proceed "in a court to seek injunctive relief or other equitable remedies pending arbitration."  *See* ECF 6-4 (MSA, § 15.4).  CytoDyn's requests regarding Amarex's actions for violating the MSA, and awarding costs and fees, and granting other relief that the Court deems proper are not requests for injunctive or equitable relief. Rather they are issues that must be

dealt with by arbitration.  Because the MSA contains a binding arbitration agreement, the Court should dismiss CytoDyn's remaining requests for relief.  *See* Fed. R. Civ. P. 12(b)(3).  It is CytoDyn's burden to establish that the claims are not properly subject to arbitration.  *Brito*, 526 F. Supp. 3d at 109.  CytoDyn cannot meet this burden.

Finally, for the reasons stated in Amarex's response to CytoDyn's motion for preliminary injunction, CytoDyn cannot succeed as a matter of law on any of its claims.  For the reasons stated in Amarex's response, the Court should dismiss Counts I–IV against Amarex.

## IV.    CONCLUSION

The claims against NSF should be dismissed for lack of personal jurisdiction and for failure to state a claim.  The claims against Amarex should be dismissed because they are subject to arbitration and the complaint fails to state a plausible claim for relief against Amarex.

Respectfully submitted,

/s/ Rachel T. McGuckian
Rachel T. McGuckian
MILES & STOCKBRIDGE P.C.
11 North Washington Street, Suite 700
Rockville, MD 20850
Phone: 301-762-1600
Email: rmcguckian@milesstockbridge.com

Jon. R. Steiger
Patrick M. McCarthy
HOWARD & HOWARD ATTORNEYS PLLC
450 W 4th Street
Royal Oak, Michigan 48067
Phone: 248-645-1483
Email: pmm@h2law.com
Email: js@h2law.com

*Attorneys for Defendants*
*Amarex Clinical Research LLC and NSF*
*International*