UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| CYTODYN, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMAREX CLINICAL RESEARCH, LLC, *et al.*, <br><br> Defendants. | Civil Action No.: 8:21-cv-02533-PJM |

**DEFENDANTS' REPLY TO
PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**I.  INTRODUCTION**

The Court should dismiss the entire case. First there is no basis to exercise personal jurisdiction over NSF. Second, CytoDyn failed to state a plausible claim against either NSF or Amarex.

**II.  ARGUMENT**

**A. There is no Personal Jurisdiction Over NSF.**

NSF does not own Amarex or any portion of it, nor have any of NSF's corporate representatives taken over discussions with CytoDyn regarding trials being run by Amarex. (Timmer Declaration, Dkt. 32-2, ¶ 9). CytoDyn's arguments about the relationship between NSF and Amarex are nothing more than red herrings. Put another way, Amarex is a limited liability company, but NSF is not the entity that owns any interest in Amarex. The Court therefore cannot exercise personal jurisdiction over NSF. Because there is no personal jurisdiction over NSF, there is no reason for jurisdictional-related discovery.

### B. CytoDyn Does Not Allege a Plausible Claim for Relief Against NSF.

The Amended Complaint states no claim against NSF. CytoDyn tried to resolve its pleading deficiency by arguing that the Amended Complaint defined "Amarex" to mean both "Amarex and NSF." But this definition is simply incorrect, and contrary to CytoDyn's own pleading. The Amended Complaint alleges that "CytoDyn and Amarex formed a Master Service Agreement (MSA) in May 2014. [] The Master Service Agreement set up a framework for Amarex to run clinical studies that CytoDyn would sponsor and Amarex would agree to conduct." (Amended Compl., ¶ 23). Based on CytoDyn's definition, this sentence should be read as "Amarex and NSF entered into the MSA with CytoDyn in 2014." But NSF never signed the MSA and is not a party to it. The Amended Complaint even (correctly) alleges that the relationship between NSF and Amarex did not begin until October 2019, five years *after* the MSA was signed by Amarex and CytoDyn. (Amended Compl., ¶ 5). Thus, based on the pleadings and documents attached thereto, it is clear that NSF was not part of the 2014 MSA between Amarex and CytoDyn.

CytoDyn does not universally apply its purported expansive definition throughout the Amended Complaint. At times, as discussed above, Amarex meant "Amarex," and at times it meant "Amarex and NSF." This clearly violates the requirement of clear, concise, and direct pleadings put forth in the Federal Rules. *See Jackson v. Warning*, Case No. PJM 15-1233, 2016 WL 7228866, at *3 (D. Md. Dec. 13, 2016) (Messitte, J.) (quotation and citation omitted) ("Rule 8(d), however, states that each allegation must be simple, concise, and direct."). The Court should take "Amarex" to mean "Amarex" (as CytoDyn itself does many times in the Amended Complaint) and find that CytoDyn failed to allege any specific counts against NSF. NSF should therefore be dismissed.

### C. Amarex Should Be Dismissed.

The MSA between Amarex and CytoDyn requires all claims to proceed in arbitration. The only exception to this requirement is for claims of injunctive relief. Here, the Court has already granted the preliminary injunction, so there are not claims left in this Court.

What is more, even though the Court granted the preliminary injunction, it only determined Plaintiffs have a "likelihood of success on the merits." The Court should still dismiss CytoDyn's requests for attorneys' fees and costs. The MSA only allows a "prevailing party" to recover fees and costs. (MSA, § 15.5). Simply succeeding on a motion for preliminary injunction does not mean that the party "prevailed." Rather it means that the party is only "likely to succeed on the merits of [its] claim." *N.C. Conf. of NAACP v. Raymond*, 981 F.3d 295. 302 (4th Cir. 2020). Because CytoDyn has not "prevailed," the Court must dismiss the request for fees and costs.

### III. CONCLUSION

CytoDyn's response brief is nothing more than an improper re-hash of its preliminary injunction motion with a few incorrect arguments as to why Defendants' motion to dismiss should fail. In sum, the Court should find that it does not have jurisdiction over NSF, find that CytoDyn failed to state any claims against NSF and Amarex, and dismiss the Amended Complaint.

Respectfully submitted,

/s/Patrick M. McCarthy
Patrick M. McCarthy
Jon. R. Steiger
HOWARD & HOWARD ATTORNEYS PLLC
450 W 4th Street
Royal Oak, Michigan 48067
Phone: 248-645-1483
Email: pmm@h2law.com
Email: js@h2law.com

Rachel T. McGuckian
MILES & STOCKBRIDGE P.C.
11 North Washington Street, Suite 700
Rockville, MD 20850
Phone: 301-762-1600
Email: rmcguckian@milesstockbridge.com

*Attorneys for Defendants*
*Amarex Clinical Research LLC and NSF International*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of December 2021, the foregoing was filed via the Court's CM/ECF system and served upon the following parties via the CM/ECF system:

Mark D. Hopson (mhopson@sidley.com)
Benjamin M. Mundel (bmundel@sidley.com)
Lucas Croslow (lcroslow@sidley.com)
Jacquelyn E. Fradette (jfradette@sidley.com)
Sidley Austin, LLP
1501 K Street, N.W.
Washington, D.C. 20005

*/s/Patrick M. McCarthy*
